AUSTIN EXPOL V. EISD 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-320-CV





AUSTIN EXPLOSIVES COMPANY, INC.,



 APPELLANT


vs.





EANES INDEPENDENT SCHOOL DISTRICT, ACTING IN ITS OWN BEHALF


AND IN BEHALF OF THE TRAVIS COUNTY EDUCATION DISTRICT, AND


TRAVIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 10,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 92-13300, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 Eanes Independent School District ("EISD"), appellee, acting on its own behalf and
on behalf of two other taxing authorities, brought suit against Austin Explosives Company, Inc.,
appellant, to collect delinquent taxes. Based on the report of a master in chancery, the district
court rendered judgment in favor of EISD. In a single point of error, Austin Explosives
challenges the district court's appointment of the master in chancery. We will affirm the district
court's judgment.



BACKGROUND


 Austin Explosives has its principal place of business in Austin, Texas. On
September 16, 1992, EISD filed suit on its own behalf and on behalf of the Travis County
Education District and Travis County Water District #10 seeking delinquent property taxes from
Austin Explosives. The district court referred the case to a master in chancery, as it is permitted
to do under section 33.71 of the Texas Tax Code. Tex. Tax Code Ann. § 33.71(a) (West 1992). 
The master in chancery conducted a trial and recommended that EISD be awarded the full amount
it sought. The district court followed this recommendation and rendered judgment in favor of
EISD.



DISCUSSION


 The Tax Code provides that a district court "may, in delinquent tax suits, for good
cause appoint a master in chancery for each case as desired." Tax. Code § 33.71(a). In its sole
point of error, Austin Explosives asserts that the district court erred by appointing a master in
chancery without making a finding of good cause for such an appointment. We conclude that
Austin Explosives waived this point of error.

 There is no indication in the record that Austin Explosives made any objection to
the appointment of the master in chancery prior to this appeal. The record does indicate that
counsel for Austin Explosives appeared at the trial before the master and announced, without
objection or reservation, that Austin Explosives was "ready to proceed to trial." Austin
Explosives failed to make a timely objection as required by Texas Rule of Appellate Procedure
52(a), and thereby waived its right to object to the appointment now.

 Austin Explosives complains that it was never provided with an opportunity to be
heard on the issue of good cause. Under Rule 52(a), however, it was not the district court's
responsibility to provide this opportunity on its own initiative. Rather, it was incumbent upon
Austin Explosives to assert its rights and object to the master's appointment.

 Our decision in this case is in accordance with the court's decision in Owens-Corning Fiberglas Corp. v. Caldwell, 830 S.W.2d 622 (Tex. App.Houston [1st Dist.] 1991,
orig. proceeding). The Caldwell court, addressing the appointment of a master in chancery under
Texas Rule of Civil Procedure 171, concluded that "a party objecting to a master's appointment
must make an objection not within some arbitrary time period, but before it has taken part in
proceedings before the master or before the parties, the master, and the court have acted in
reliance on the master's appointment." Id. at 625. In this case, we need not reach the issue of
precisely when a party must object to the appointment of a master, because Austin Explosives
made no objection whatsoever. Clearly, the issue may not be raised for the first time on appeal.

 We overrule appellant's sole point of error and affirm the judgment of the district
court.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 21, 1994

Do Not Publish